IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROGER M. POLLOCK,

        Defendant.

3:14-cr-00186-BR

OPINION AND ORDER

**BROWN, Judge**.

    Defendant Roger M. Pollock pleaded guilty to making a false statement to a bank in violation of 18 U.S.C. § 1014. On July 1, 2016, this Court sentenced Defendant to 18 months imprisonment. *See* Judgment (#149). The Court then requested briefing on restitution issues.

    After reviewing the parties' briefs on restitution, the Court concludes restitution should not include the amount of loan proceeds stolen by Defendant because that amount must be offset by the value of the office building that Defendant pledged as collateral. The Court, therefore, **DENIES** the government's request for a restitution award based on the amount of stolen loan proceeds. The Court, however, concludes restitution should

1 - OPINION AND ORDER

include the amount of attorneys' fees that the victim, Banner Bank, reasonably incurred in securing and foreclosing on the Lake Oswego office building, and, therefore, the Court **GRANTS** the government's request for attorneys' fees subject to the government's submission of documentation showing the amount of attorneys' fees incurred by Banner Bank in securing and foreclosing on the Lake Oswego office building, including invoices and billing records.

## STANDARDS

Under the Mandatory Victim Restitution Act (MVRA), the court must impose restitution when the defendant's offense involves fraud or deceit and there is an identifiable victim. *See United States v. Nosal*, Nos. 14-10037, 14-10275, 2016 WL 3608752, at *17 (9th Cir. July 5, 2016). *See also* 18 U.S.C. § 3663A(c)(1). "Because the goal of restitution is to make the victim whole, 'any award is limited to the victim's actual losses.'" *United States v. Beecroft*, 825 F.3d 991, 996 (9th Cir. 2016)(quoting *United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013)(internal quotation marks omitted)).

The government has the burden of demonstrating by a preponderance of the evidence that "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). *See also United States v. Van Beenen*, 872 F. Supp. 2d

2 - OPINION AND ORDER

1084, 1086 (D. Or. 2012). The defendant has the burden of demonstrating his or her "financial resources." 18 U.S.C. § 3664(e).

## DISCUSSION

The government contends the amount of Banner Bank's actual loss caused by Defendant's crime of conviction is $219,006.30. The requested amount of restitution includes two separate alleged losses: $183,949.30 representing the loan proceeds stolen by Defendant as charged in the count of conviction and $35,057, the alleged amount of attorneys' fees incurred by Banner Bank to secure and to foreclose on the office building pledged by Defendant as collateral.

### I. The government has not shown Banner Bank suffered an actual loss in the amount of the stolen loan proceeds.

The MVRA requires a defendant convicted of an offense resulting in loss of property to return the property to the victim whenever possible. 18 U.S.C. § 3663A(3)(b)(1)(A). When returning property to the victim is impractical or inadequate, the court shall set restitution at either (1) an amount equal to the value of the property when the property was lost, damaged, or destroyed or (2) an amount equal to the value of the property on the date of sentencing, whichever is greater. 18 U.S.C. § 3663A(3)(b)(1)(B)(i). The court must deduct the value of "any part of the property that is returned [as of the date of

3 - OPINION AND ORDER

return]." 18 U.S.C. § 3663A(3)(b)(1)(B)(ii).

When a defendant is convicted of fraudulently obtaining money from a bank, the word "property" in the MVRA refers to the loan proceeds illegally taken by the defendant rather than the value of the real property pledged by the defendant as collateral. *See Robers v. United States*, 134 S. Ct. 1854, 1856-58 (2014). Based on the Supreme Court's statutory interpretation of the word "property," the government asserts Banner Bank's actual loss for restitution purposes is the amount of loan proceeds (*i.e.,* the "property") fraudulently taken by Defendant and never returned. The government contends an award in the amount of stolen loan proceeds as restitution "is not a windfall to Banner despite the fact that they have retained the collateral and do not intend to sell it because they were required to pay the amount stolen by defendant to contractors as well as undertake significant other expenses in order to maintain their security interest in the collateral." Government's Supplemental Sentencing Mem. 3-4 (#157). Defendant, however, contends Banner Bank did not suffer any actual loss because the office building pledged by Defendant as collateral and now owned by Banner Bank is worth far more than the amount of money stolen by Defendant.

The MVRA does not directly address the method for calculating the amount of restitution when the victim chooses to

4 - OPINION AND ORDER

retain possession of collateral pledged by the defendant rather than sell it. In *Robers* the Supreme Court discussed, although in *dictum*, the calculation of restitution when the victim retains the collateral. In *Robers* the defendant argued "when a victim has not sold the collateral by the time of sentencing," the sentencing court would be forced to make one of two undesirable choices under the Court's reasoning: either undercompensate the victim by refusing to award any restitution or give the victim a windfall by awarding the full amount of the loan. 134 S. Ct. at 1858. The Court rejected this argument as follows:

> In our view, however, the dilemma is a false one. Other provisions of the statute allow the court to avoid an undercompensation or a windfall. Where, for example, a sale of the collateral is foreseen but has not yet taken place, the court may postpone determination of the restitution amount for two to three months after sentencing, thereby providing the victim with additional time to sell. *See* § 3664(d)(5). *Where a victim receives, say, collateral, but does not intend to sell it, other provisions of the statute may come into play.* Section 3664(f)(2) provides that upon "determination of the amount of restitution owed to each victim, the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." Section 3664(f)(3)(A) says that a "restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments."
>
> And § 3664(f)(4) defines "in-kind payment" as including "replacement of property." *These provisions would seem to give a court adequate authority to count, as part of the restitution paid, the value of collateral previously received but not sold.* Regardless, Robers has not pointed us to any case suggesting an unfairness problem. And the Government has conceded that the

5 - OPINION AND ORDER

> statute (whether through these or other provisions) provides room for "credit[s]" against an offender's restitution obligation "to prevent double recovery to the victim." Brief for United States 30 (emphasis deleted).

*Id.* (emphasis added).

This Court did not find and the parties did not cite any post-*Robers* decisions that address the precise issue presented here. Although not binding, the Court finds the *Robers* Court's *dictum* on the issue is persuasive. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000). The Court, therefore, concludes sentencing courts have "adequate authority to count, as part of the restitution paid, the value of collateral previously received but not sold." *Robers*, 134 S. Ct. at 1858.

When calculating the award of restitution, this Court must deduct the value of the unsold collateral; *i.e.*, the office building. Because the fair market value of the office building far exceeds the amount of loan proceeds stolen by Defendant, the government has not shown Banner Bank suffered an actual loss for restitution purposes.

## II. <u>Attorneys' Fees Incurred by Banner Bank</u>

The government also contends Defendant should pay restitution in the amount of the attorneys' fees that Banner Bank incurred to secure the office building after Defendant stole the loan proceeds. Defendant, however, contends Banner Bank would

6 - OPINION AND ORDER

have incurred these attorneys' fees regardless of Defendant's criminal fraud because Defendant lacked the funds to continue making payments on the construction loan.  Defendant also argues the government has not adequately documented the amount of the requested attorneys' fees.

The court determines the amount of restitution based on losses "directly resulting" from the defendant's crime of conviction.  *United States v. Andrews*, 600 F.3d 1167, 1170-71 (9th Cir. 2010)(citation and quotation marks omitted).  The primary question is "whether there was an intervening cause and, if so, whether this intervening cause was directly related to the offense conduct."  *Id.* (citations and quotation marks omitted).  "Generally, investigation costs—including attorneys' fees-incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct 'may be recoverable.'"  *United States v. Gordon*, 393 F.3d 1044, 1056-57 (9th Cir. 2004) (quoting *United States v. Phillips*, 367 F.3d 846, 863 (9th Cir. 2004)).  *See also Nosal*, 2016 WL 3608752, at *17.

Here the Court concludes Banner Bank is entitled to its reasonable attorneys' fees for securing the collateral.  Banner Bank incurred the fees as a direct and foreseeable result of Defendant's theft of the loan proceeds.  Although Defendant would almost certainly have defaulted on the construction loan regardless of the crime, Defendant's theft of the loan proceeds

7 - OPINION AND ORDER

and the resulting dispute with the contractor were the immediate cause of the legal disputes that caused Banner Bank to incur attorneys' fees.

The Court, however, agrees with Defendant that the government must submit documentation to support the attorneys' fees requested as restitution. The unsupported and conclusory statement on attorneys' fees in the Victim Impact Statement is not sufficient to meet the government's burden of proof. *See United States v. Brock-Davis,* 504 F.3d 991, 1002 (9th Cir.2007). *See also United States v. Finazzo*, No. 10-CR-457 (RRM)(RML), 2014 WL 3818628, at *26 (E.D.N.Y. Aug. 1, 2014)(declining to address whether the attorneys' fees incurred by the victim could be awarded as restitution because the court had not "received any documentation—billing records, itemized lists of expenses, explanatory affidavits, or the like—[to] determine whether attorneys' fees are recoverable in this case").

## CONCLUSION

After reviewing the parties' briefs on restitution, the Court concludes restitution should not include the amount of loan proceeds stolen by Defendant because that amount must be offset by the value of the office building that Defendant pledged as collateral. The Court, therefore, denies the government's request for a restitution award based on the amount of stolen

8 - OPINION AND ORDER

loan proceeds.

The Court, however, concludes restitution should include the amount of attorneys' fees that the victim, Banner Bank, reasonably incurred in securing and foreclosing on the office building.  The Court, therefore, orders the government to submit **no later than September 29, 2016,** documentation showing the amount of attorneys' fees incurred by Banner Bank in securing and foreclosing on the Lake Oswego office building, including invoices and billing records.  Defendant may file a response brief **no later than October 11, 2016,** as to the amount of attorneys' fees incurred.  The Court will then determine the amount of restitution due.

IT IS SO ORDERED.

DATED this 12th day of September, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9    -   OPINION AND ORDER