IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

              Plaintiff,

v.

ROGER M. POLLOCK,

              Defendant.

3:14-cr-00186-BR

OPINION AND ORDER

BROWN, Judge.

    This matter comes before the Court on Defendant Roger M. Pollock's Motion (#162) for Release Pending Appeal.

    Defendant Roger M. Pollock pleaded guilty to making a false statement to a bank in violation of 18 U.S.C. § 1014.  On July 1, 2016, this Court sentenced Defendant to 18 months imprisonment. Defendant is currently required to report on October 7, 2016, to an institution to be designated by the Bureau Of Prisons.

    Defendant now moves for release pending appeal of his sentence.  The government opposes Defendant's release.

    Because the Court and the parties are familiar with the facts and the record is sufficiently developed, the Court concludes oral argument would not be helpful.  After considering

1 - OPINION AND ORDER

the entire record, the Court **GRANTS** Defendant's Motion for Release.

## BACKGROUND

Defendant was arraigned on May 9, 2014.  At a detention hearing on May 12, 2014, this Court granted Defendant pretrial release under conditions that included GPS monitoring, a curfew, surrender of Defendant's passport, prohibition on travel outside of Oregon, no new financial accounts or lines of credit, and no financial transactions of more than $500 without prior approval of Pretrial Services.

In October 2014 this Court allowed Defendant to travel to Mexico because he owned and operated a resort there.  Since his arraignment in May 2014 Defendant has complied with the conditions of release while being allowed to travel between Oregon, California, and Mexico.  Pretrial Services oversaw Defendant's financial activities without problems.

## STANDARDS

When a criminal defendant seeks release pending appeal of a judgment that imposes a term of imprisonment, the defendant must overcome the statutory presumption in favor of detention pending appeal.  18 U.S.C. § 3143(b).  *See also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).  To overcome the presumption

of detention the defendant must show (1) by clear and convincing evidence that he is not likely to flee or to pose a danger to any other person or the community and (2) the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment.  18 U.S.C. § 3143(b)(1).

When determining whether the appeal raises a substantial question of law or fact, the court must resolve (1) whether the issues raised by the defendant are "substantial" and (2) whether those issues are "likely to result in reversal."  *United States v. Handy*, 761 F.2d 1279, 1280-81 (9th Cir. 1985).  A "substantial question" is one that is "fairly debatable" or "fairly doubtful."  *Id.* at 1283 (citations and quotation marks omitted).  "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."  *Id.* (quotation marks and citation omitted).


### DISCUSSION

I.   **Defendant has shown he is not likely to flee**.

Defendant contends his compliance with the conditions of release since his arraignment in May 2014 shows he is not a flight risk.  Defendant cites his ties to the United States; *i.e.,* his children who live in Portland, Oregon, and a residence

3 - OPINION AND ORDER

in San Diego, California, where his wife and her two children live.

The government, however, contends Defendant is a flight risk because of his ties to Mexico and his access to substantial assets.  The government contends even though Defendant has "for the most part" complied with pretrial conditions, "there is a chance he could flee."  Gov't Resp. (#165) at 4.  The mere existence of such a "chance" without more, however, does not weigh significantly in the Court's balancing of the relevant factors.

On this record the Court concludes Defendant has complied with the conditions of release and also has met his burden of showing by clear and convincing evidence that he is unlikely to flee.  The Court also notes Defendant's sentence of 18 months is relatively short whereas the consequences of absconding would be severe and would compound the length of his ultimate sentence. The Court concludes under the circumstances of this case that Defendant fully appreciates this sobering fact and will not run the risk of such consequences.

## II.  **Defendant has raised substantial questions on appeal**.

The Court finds Defendant has raised substantial questions on appeal because this Court's rulings on the amount of loss for sentencing purposes are "fairly debatable."  For example, Defendant challenges the Court's rulings that the amount of

actual loss could not be reliably calculated and that Defendant intended to cause a loss to the victim.  If the Ninth Circuit agrees with Defendant on one or both of these issues, Defendant's sentence would likely be reversed and the case remanded to this Court for resentencing.

## III.  **Remaining Factors**

The government does not contend Defendant poses a danger to others or to the community or that Defendant's appeal is for delay.  The Court agrees.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#162) for Release Pending Appeal subject to the existing conditions of release.

IT IS SO ORDERED.

DATED this 16th day of September, 2016.


ANNA BROWN
United States District Judge